

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0109-10

**JAMES BLACKMAN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

The majority claims that the court of appeals misapplied the *Jackson v. Virginia* standard, but the majority misreads what the court of appeals did. Rather than looking at the evidence in the wrong light, as the majority asserts, the court of appeals applied the appropriate standard and simply did not believe that there was enough evidence for a rational trier of fact to find an affirmative link between appellant and the cocaine. *See Blackman v. State*, No. 01-08-00138-CR, 2009 Tex. App. LEXIS 9717 (Tex. App.—Houston [1st Dist.] Dec. 22, 2009).

The court of appeals cited and thoroughly explained the appropriate standard of review under *Jackson v. Virginia*. *Id.* at *7-10. Additionally, the court correctly stated what the State was required to show to prove that appellant was guilty of the charged crime, including that appellant's connection to the cocaine "was more than just fortuitous." *Id.* at *10-16. It is particularly telling that the court of appeals's detailed discussion of the legal rules closely reflects the majority's own articulation of the pertinent laws.

Then, in applying the *Jackson* standard, the court of appeals began with the essential element of an affirmative link, and it properly considered "whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt."[1] *Id.* at *7. The court considered each piece of evidence presented by the State and "the 'logical force' they create." *Id.* at *23. It recognized that some of the factors relied upon by the State may be probative of, for example, appellant's link to the other co-defendants or his link to the luggage in the car, but none of the evidence, considered separately or together, is logically probative of the link between appellant and the cocaine, which is critical to this case. The court explained that "the State has presented some 'potential linking factors' that 'might raise suspicion' but which do not have the logical force necessary to actually link appellant to the cocaine." *Id.* at *33 (citing *Roberson v. State*, 80 S.W.3d 730, 742 (Tex. App.—Houston [1st Dist.] 2002, pet.

---

[1] The court of appeals did not, as the majority claims, misapply *Jackson* and instead ask "itself whether it believed that the evidence is sufficient to support appellant's guilt."

ref'd)). Consequently, it concluded that "[e]ven when viewed together in the light most favorable to the verdict, the factors relied upon by the State 'do not create the logical force necessary to allow a rational juror to find, beyond a reasonable doubt,' that appellant exercised knowingly actual care, custody, control, or management over the cocaine." *Id.* at *34.

Determining that there was not enough evidence to prove an affirmative link between appellant and the cocaine is not the same thing as misapplying the *Jackson* standard.[2] The court of appeals did not believe that the evidence satisfied the *Jackson* standard—a rational juror could not have found an essential element (an affirmative link connecting appellant and the cocaine) beyond a reasonable doubt. "The bottom line is that, when viewed in a light most favorable to the verdict, the factors relied on by the State do not establish a link between appellant and the cocaine that generates a reasonable inference that he exercised care, custody, control, or management over it." *Id.* at *34 n.7.

For these reasons, I respectfully dissent.

Meyers, J.

Filed: April 13, 2011

Publish

---

[2]The majority suggests in a footnote that "the court of appeals applied a thirteenth-juror, evidentiary-weight standard," but it seems that the majority opinion fits this scenario more than the court of appeals's opinion.